IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas M. Lanfor,<br><br>             Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>             Respondents. | No. CV-15-01832-PHX-ROS (ESW)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES SENIOR DISTRICT JUDGE:**

Pending before the Court is Thomas M. Lanfor's ("Petitioner") Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Petition") (Doc. 1). Respondents have filed their Answer (Doc. 10), to which Petitioner has not replied. The matter is deemed submitted for consideration.

Petitioner raises two grounds for relief in the Petition. The undersigned finds that Ground One does not present a cognizable habeas claim and Ground Two is procedurally defaulted. It is therefore recommended that the Petition be denied and dismissed with prejudice.

## I. BACKGROUND

### A. Convictions and Sentences

On February 11, 1998, Petitioner signed a plea agreement in which Petitioner

agreed to plead guilty to one count of child molest and one count of attempted child molest. (Doc. 10-1 at 9-10). The parties stipulated that subject to the trial court's approval, Petitioner's sentence for the child molest count shall be capped at the presumptive prison term of seventeen years and Petitioner shall be placed on lifetime probation for the attempted child molest count. (*Id*. at 9).

On March 12, 1998, the trial court found that Petitioner knowingly, intelligently, and voluntarily entered his guilty pleas. (*Id*. at 44). The trial court sentenced Petitioner to a twelve-year term of incarceration for the child molest count. (*Id*. at 44-45). Regarding the attempted child molest count, the trial court suspended the imposition of sentence and placed Petitioner on a term of lifetime probation. (*Id*. at 45-46).

**B. Revocation of Probation**

On September 8, 2009, Petitioner was discharged from prison, thereby commencing his term of lifetime probation for the attempted child molest count. (Doc. 10-3 at 183). On March 29, 2012, a probation officer alleged that Petitioner violated a number of the conditions of his probation and petitioned the trial court to revoke Petitioner's probation. (Doc. 10-1 at 57). Petitioner admitted to violating the condition pertaining to curfew. (*Id*.; Doc. 10-3 at 185). At the May 18, 2012 disposition hearing, the trial court placed Petitioner on intensive probation. (Doc. 10-3 at 188-91).

In December 2012, a probation officer filed a second Petition to Revoke Probation, alleging that Petitioner committed additional probationary condition violations. (Doc. 10-1 at 55). Petitioner admitted to failing to follow his Intensive Probation Supervision schedule. (Doc. 10-2 at 87-90). At the December 19, 2012 disposition hearing, the trial court revoked Petitioner's probation and sentenced Petitioner to 2.25 years in prison. (Doc. 10-1 at 61; Doc. 10-2 at 122-23).

On January 31, 2013, the State filed a "Motion to Reconsider and Correct Prison Sentence," arguing that the 2.25 prison term was outside the sentencing range mandated by Arizona law. (Doc. 10-1 at 73-76). At oral argument on the State's Motion to Reconsider, the trial court overruled Petitioner's objection to the timeliness of the

1 proceeding. (*Id*. at 111-12). On February 19, 2003, the trial court found that the December 19, 2012 judgment imposing a sentence of 2.25 years violated Arizona law. (*Id*. at 112-13). In addition, the trial court found that the sentence was imposed in a manner that violated Petitioner's due process rights because Petitioner was not advised of the correct sentencing range that may be imposed if his probation was revoked. (*Id*.). The trial court vacated the finding that Petitioner committed a probationary condition violation pursuant to Petitioner's admission and the sentence of imprisonment entered at the December 19, 2012 disposition hearing. (*Id*. at 114). The trial court denied as moot the State's Motion to Reconsider. (*Id*.). The trial court set a Witness Violation Hearing on March 22, 2013. (*Id*. at 116).

At the March 22, 2013 hearing, the trial court found that Petitioner violated the condition of probation requiring Petitioner to follow the Intensive Probation Supervision schedule. (Doc. 10-3 at 52). At the April 17, 2013 disposition hearing, the trial court revoked Petitioner's probation and sentenced Petitioner to ten years in prison. (Doc. 10-2 at 3-9).

## C. Direct Appeal and Post-Conviction Relief Proceedings

Petitioner petitioned the Arizona Court of Appeals for review of the trial court's vacation of the December 19, 2012 judgment. (*Id*. at 11-24). Petitioner argued that the judgment was vacated after the sixty day time frame set forth in Arizona Rule of Criminal Procedure 24.3, which governed the State's "Motion for Reconsideration and Correct Prison Sentence." (*Id*. at 17-19). In its April 15, 2014 ruling, the Arizona Court of Appeals recounted that Petitioner "was sentenced on December 19, 2012. His sentence was vacated 62 days later—on February 19, 2013. The 60th day, though, fell on a Sunday, and the 61st day was the third Monday in February—a legal holiday." (*Id*. at 63). The Court of Appeals then cited Arizona Rule of Criminal Procedure Rule 1.3(a), which states:

> In computing any period of time of more than 24 hours, prescribed by these rules . . . [t]he last day of the period so computed shall be included, unless it is a Saturday, Sunday or

> legal holiday, in which case the period shall run until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

(Doc. 10-2 at 63-64).  The Court of Appeals explained that Rule 1.3(a) "applies to any period of time exceeding 24 hours prescribed by the Arizona Rules of Criminal Procedure, which encompasses the 60-day deadline in Rule 24.3."  (*Id*. at 64).  The Court of Appeals noted that Petitioner "does not deny that the 60th day and 61st and Correct Prison Sentence days fell on a Sunday and legal holiday, respectively."  (*Id*.).  Based on the above, the Arizona Court of Appeals held that the trial court timely vacated the December 19, 2012 judgment.  (*Id*. at 61, 64).  On September 23, 2014, the Arizona Supreme Court denied Petitioner's request for further review.  (*Id*. at 66-79, 81).

On November 14, 2014, Petitioner filed a Notice of Post-Conviction Relief ("PCR").  (Doc. 10-3 at 131-33).  The trial court allowed the PCR proceeding to move forward only as to the April 17, 2013 probation revocation and appointed Petitioner PCR counsel.  (*Id*. at 135-36).  PCR counsel was unable to find a colorable claim for relief.  (*Id*. at 138-39).  In August 2015, Petitioner filed a pro se PCR Notice and Petition.  (*Id*. at 141-59).  Petitioner claimed that (i) his conviction for attempted child molest violated the double jeopardy clause of the U.S. Constitution; (ii) Petitioner's attorney "induced him to plead guilty . . . based on false information that he would otherwise be subject for the same offense to be ten (10) times put in jeopardy"; and (iii) all of his defense attorneys were "ineffective when they all failed to raise the multiplicity issue and the wrongful conviction for attempted molestation of a child and the illegal sentence of lifetime probation, which are void."  (*Id*. at 153, 155-56).  The PCR Petition was pending when Respondents filed their Answer, but a review of the trial court's docket indicates that the PCR Petition was dismissed on January 15, 2016.  (Attachment 1).

On September 14, 2015, Petitioner initiated this federal habeas proceeding.  (Doc. 1).  Respondents do not argue that the Petition is untimely.  (Doc. 10).

- 4 -

## II.  DISCUSSION

### A.  Ground One is Not a Cognizable Federal Habeas Claim

Federal law "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)).  To plead a cognizable federal habeas claim, a petitioner must set forth in his or her petition the facts supporting the specific ground upon which relief is sought.  Rule 2(c), foll. 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Rule 4, foll. 28 U.S.C. § 2254 (citation omitted); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (noting that the rules governing pleading for Section 2254 habeas petitions is "more demanding" than the notice pleading allowed under Fed. R. Civ. P. 8); *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979) (concluding that a habeas petitioner "failed to satisfy the specificity requirement of § 2254 pleadings or to show that there is a 'real possibility' of constitutional error" by "merely alleg[ing] that he ' . . . was not informed of the consequences of his plea. . . .'").

In Ground One of the Petition, Petitioner argues that "[u]nder Arizona law the [trial] court had 60 days to re-sentence me if they believed my sentence was illegal.  As it . . . took 62 days to re-sentence me . . . this action violates my rights under the 14th amendment and amounts to cruel and unusual punishment under the 8th amendment of the United States Constitution."  (Doc. 1 at 6).  The undersigned finds that Ground one fails to sufficiently set forth a cognizable federal habeas claim that Petitioner is in custody in violation of federal law.

Further, in reviewing a federal habeas petition, a district court cannot reexamine state court determinations on state law questions.  *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).  A habeas petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389

(9th Cir. 1996).

The Arizona Court of Appeals held that Arizona Rule of Criminal Procedure 1.3 applies to the 60-day deadline in which the trial court may vacate the entry of judgment and sentence. (Doc. 10-3 at 175). The 60th day following entry of the December 19, 2012 judgment was February 17, 2013. However, February 17, 2013 was a Sunday and Monday, February 18, 2013 was a legal holiday. (*Id*.). The Arizona Court of Appeals determined that pursuant to Rule 1.3, the deadline for vacating the judgment fell on Tuesday, February 19, 2013. Because the trial court vacated the judgment on February 19, 2013, the state appellate court determined that the trial court's corrective order was timely under Arizona law. That determination is binding on this Court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.").

For the above reasons, the undersigned recommends that the Court dismiss Ground One of the Petition (Doc. 1).

**B.  Ground Two is Procedurally Defaulted**

In Ground Two, Petitioner argues that the ten-year sentence imposed on April 17, 2013 following the revocation of Petitioner's probation "amounts to cruel and unusual punishment under the United States Constitution." Assuming *arguendo* that Ground Two sufficiently alleges a cognizable federal habeas claim, Petitioner failed to present the claim in state court. (Doc. 10-2 at 11-24; Doc. 10-3 at 146-59). Moreover, Petitioner would be precluded from post-conviction relief on Ground Two under Arizona Rule of Criminal Procedure 32. Arizona Rules of Criminal Procedure 32.2(b) and 32.4(a) do not bar untimely claims that fall within the categories set forth in Rule 32.1(d) through (h):

> d.  The person is being held in custody after the sentence imposed has expired;
>
> e.  Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
>     (1).  The newly discovered material facts were discovered after the trial.
>     (2).  The defendant exercised due diligence in

                    securing the newly discovered material facts.

        (3). The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.

    f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or

    g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or

    h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Petitioner does not assert that any of the above exceptions apply to his claims. Nor does it appear that such exceptions would apply. Ground Two is deemed procedurally defaulted. *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) (a claim is procedurally defaulted "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the requirement would now find the claims procedurally barred") (quoting *Coleman*, 501 U.S. at 735 n.1)).

The merits of a habeas petitioner's procedurally defaulted claims are to be reviewed if the petitioner (i) shows cause for the default and actual prejudice as a result of the alleged violation of federal law or (ii) shows that the failure to consider the federal claim will result in a fundamental miscarriage of justice. *McKinney v. Ryan*, 730 F.3d 903, 913 (9th Cir. 2013). Petitioner's status as a pro se litigant does not exempt Petitioner from the "cause and prejudice" standard. *Hughes v. Idaho State Board of Corrections,* 800 F.2d 905, 908 (9th Cir. 1986). Petitioner has not shown that an

objective factor external to Petitioner impeded with his efforts to present his procedurally defaulted claims in a properly filed PCR Petition. Petitioner has therefore failed to show cause for his procedural defaults. Where a petitioner fails to establish cause, the Court need not consider whether the petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray,* 477 U.S. 527, 533 (1986). Accordingly, the undersigned finds that Petitioner has not satisfied the "cause and prejudice" exception to excuse his procedural defaults.

To satisfy the fundamental miscarriage of justice exception, Petitioner must show that "a constitutional violation has resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. Petitioner does not assert that he is actually innocent. After reviewing the record, the undersigned finds no evidence showing that a constitutional violation has probably resulted in the conviction of an innocent man. The undersigned thus finds the miscarriage of justice exception inapplicable to this case.[1] *Wood*, 693 F.3d at 1117.

Because the undersigned finds that Petitioner's procedural default is not excused, it is recommended that the Court dismiss Ground Two of the Petition (Doc. 1).

### III. CONCLUSION

Based on the foregoing reasons, the undersigned recommends that the Court deny and dismiss with prejudice the Petition (Doc. 1) on the basis that it is time-barred.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1] In addition, it is unclear "whether the *Schlup* actual innocence gateway always applies to petitioners who plead guilty." *Smith v. Baldwin*, 510 F.3d 1127, 1140 n. 9 (9th Cir. 2007) ("We are aware of a potential incongruity between the purpose of the actual innocence gateway announced in *Schlup* and its application to cases involving guilty (or no contest) pleas. . . . For purposes of our analysis, however, we assume without deciding that the actual innocence gateway is available to [the plea-convicted habeas petitioner]."). Decisions in which the Ninth Circuit or United States Supreme Court have considered gateway claims of actual innocence in a plea context involved subsequent case law that arguably rendered the defendant's acts non-criminal. *See, e.g. Bousley v. United States,* 523 U.S. 614, 621-23 (1998); *Vosgien v. Persson*, 742 F .3d 1131, 1134-35 (9th Cir. 2013); *U.S. v. Avery*, 719 F.3d 1080, 1084-85 (9th Cir. 2013).

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a plain procedural bar.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 31st day of August, 2016.

_____
Eileen S. Willett
United States Magistrate Judge